UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02078-NYW

J. LEE BROWNING BELIZE TRUST,

    Plaintiff,

v.

BRUCE LYNTON,
STEVE DAUBENMIER, and
DONALD MILLER,

    Defendants.

___

# MEMORANDUM OPINION AND ORDER
___

Magistrate Judge Nina Y. Wang

This matter is before the court on Defendants Bruce Lynton, Steve Daubenmier, and Donald Miller's (collectively, "Individual Defendants") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss" or "Motion"), filed August 11, 2017. [#39].[1] The undersigned considers the Motion pursuant to 28 U.S.C. § 636(c) and the case reassignment dated February 15, 2017 [#31], and concludes that oral argument will not materially assist in the resolution of this Motion. Accordingly, upon review of the Motion and associated briefing, the entire case file, and applicable case law, the court DENIES the Motion to Dismiss for the reasons stated herein.

## BACKGROUND

The court has discussed the background of this case in detail in its prior Orders, *see, e.g.*, *J. Lee Belize Browning Trust v. Aspen Mountain Condominium Association, Inc.*, Civil Action

---

[1] All citations are to documents filed in the instant action, unless otherwise noted.

No. 15-cv-00945-NYW [ECF No. 85], and discusses it here only as it pertains to the instant Motion. This case arises from a dispute between Plaintiff J. Lee Browning Belize Trust ("Plaintiff" or "Belize Trust") and Aspen Mountain Condominium Association, Inc. ("AMCA") over damage caused by a June 2014 sewage blockage and back-up to Plaintiff's condominium located in the Aspen Mountain Condominiums. *See* [#1; #38]. In June 2014, part of the sewage disposal line running from Unit 1-A to the sanitary sewer system became blocked to the point of causing sewage back-up, resulting in sewage-soaked carpeting and flooring as well as other damage to Unit 1-A. [#38 at ¶ 3].

Originally, Plaintiff brought suit against AMCA, seeking damages for its alleged refusals to make a definitive repair to the sewage disposal line that caused repeated blockages, which prohibited Plaintiff from listing or selling its condominium. *See J. Lee Belize Browning Trust v. Aspen Mountain Condominium Association, Inc.*, Civil Action No. 15-cv-00945-NYW [ECF No. 1 at ¶¶ 15–16] [hereinafter "Original Action"]. On August 17, 2016, Plaintiff initiated the instant action against the Individual Defendants, identified as officers of AMCA. [#38 at ¶ 5]. The events surrounding the sewage back-ups in Plaintiff's condominium also give rise to this action against the Individual Defendants. *See generally* [#38]. Specifically, Belize Trust asserts a single cause of action for breach of fiduciary duty against the Individual Defendants based on Defendant Lynton's alleged interference with Plaintiff's attempts to hire Roto-Rooter Plumbing and Drain Service of Glenwood Springs ("Roto-Rooter") to fix the recurring sewage back-ups and the Individual Defendants' refusal to correct the issue themselves. *See* [*id.* at ¶¶ 6, 11–14, 23, 24, 29, 31–33, 36–39, 41–42]. Plaintiff seeks injunctive relief, damages, and exemplary damages.[2]

---

[2] The Amended Complaint also includes claims for "injunctive relief;" "damages;" and

2

AMCA moved to consolidate this case with the Original Action, and this court consolidated the two actions on February 14, 2017. *See* Original Action [ECF No. 67]. Following consolidation, the undersigned denied AMCA's Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment on the issue of liability, and ordered Belize Trust to show cause why summary judgment in the Original Action should not enter in favor of AMCA and against Plaintiff for failure to assert a cognizable claim. *See* Original Action [ECF No. 68 at 12]. Belize Trust responded to the Order to Show Cause and filed a Motion to Amend its Complaint to include new events of sewage back-up and to consolidate its complaint in the two related actions; the Individual Defendants filed a Motion For Partial Summary Judgment Regarding Claims Against Board of Directors Defendants ("Motion for Partial Summary Judgment") on the basis of claim-splitting. *See* Original Action [ECF Nos. 76; 79; 80].

On June 23, 2017, the court issued a Memorandum Opinion and Order granting summary judgment in favor of AMCA and against Plaintiff pursuant to Rule 56(f) of the Federal Rules of Civil Procedure for failure to state a cognizable claim, denying Plaintiff's request to amend its Complaint, and denying without prejudice the Individual Defendants' Motion for Partial Summary Judgment. *See* Original Action [ECF No. 85]. In doing so, the court severed the instant action against the Individual Defendants from the Original Action, stating,

> the most appropriate course of action is to sever the Individual Defendants from

---

"exemplary damages" against the Individual Defendants, without specifying any cause of action. *See* [#38 at 12–13]. This court interprets those "claims" as claims for relief associated with a single cause of action for breach of fiduciary duty, not separate causes of action. *See Clementson v. Countrywide Fin. Corp.*, No. 10-CV-01956-WYD-KMT, 2011 WL 2848231, at *1 (D. Colo. July 18, 2011) (observing that "an injunction is an equitable remedy for a violation of a right, and any injunction therefore must be predicated on a viable cause of action") (citation omitted). Given the fact that Plaintiff has been represented by counsel since the inception of these related actions, the pleadings are not entitled to liberal construction, and the court may and will not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *See id.* (*citing Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991)).

3

this action and re-open Civil Action No. 16-cv-2078 so that any claims, and motions related to those claims, proceed therein. . . . The Parties should meet and confer as to any proposed amendments to the operative pleading in Civil Action No. 16-cv-2078, and to facilitate a robust discussion between the Parties regarding what claims will proceed in that action.

[*Id.* at 14].

Plaintiff then moved to file its First Amended Complaint ("FAC") in the instant action, which the court granted on July 28, 2017. [#38]. The FAC is the operative complaint in this matter. The Individual Defendants responded to the FAC by filing the instant Motion to Dismiss arguing for dismissal pursuant to Rule 12(b)(6) based solely on the doctrine of claim preclusion. [#39]. Plaintiff has since filed its Response [#43] and the Individual Defendants their Reply [#45]. The Motion is now ripe for resolution.

**LEGAL STANDARD**

Under Rule 12(b)(6) a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). A plaintiff, however, may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claim(s) "across the line from conceivable to plausible."). The ultimate

duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## ANALYSIS

I.  **Claim Preclusion**

The Individual Defendants argue that dismissal pursuant to Rule 12(b)(6) is appropriate based on the doctrine of claim preclusion. For claim preclusion purposes, "this court applies federal law to determine the effect of a previous federal judgment, even if that judgment was issued in a case based on diversity jurisdiction." *Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp. ("Hartsel")*, 296 F.3d 982, 986 (10th Cir. 2002) (citations omitted). "In deciding the claim-preclusive effect of a federal diversity judgment, [courts] generally adopt the law that would be applied by state courts in the State in which the federal diversity court sits[,]" i.e., Colorado law here. *Lewis v. Circuit City Stores, Inc.*, 500 F.3d 1140, 1147 (10th Cir. 2007) (citations omitted and internal quotation marks).

Colorado law provides, "[c]laim preclusion works to preclude the relitigation of matters that have already been decided as well as matters that could have been raised in a prior proceeding." *Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 608 (Colo. 2005). Accordingly, for claim preclusion to apply to a second judicial proceeding there must exist: (1) finality of the first judgment; (2) identity of subject matter; (3) identity of claims for relief; and (4) identity of or privity between the parties to the two actions. *See Burlington Ditch Reservoir & Land Co. v. Metro Wastewater Reclamation Dist.*, 256 P.3d 645, 668 (Colo. 2011). "Generally, claim preclusion is an affirmative defense and it is incumbent upon the defendant to plead and prove such a defense." *Pelt v. Utah*, 539 F.3d 1271, 1283 (10th Cir. 2008); *accord In*

*re Associated Vintage Grp., Inc.*, 283 B.R. 549, 562 (B.A.P. 9th Cir. 2002) ("The party seeking to establish preclusion has the burden of proof of all elements, including that no exception applies.").

There exist several exceptions to the general rule that a plaintiff must bring all related claims in the same lawsuit. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 26(1)(a)–(f). One exception is particularly relevant to the instant action and applies when the "court in the first action has expressly reserved the plaintiff's right to maintain the second action." RESTATEMENT (SECOND) OF JUDGMENTS § 26(1)(b); *see also Spitznas v. Boone*, 464 F.3d 1213, 1217 n.5 (10th Cir. 2006) (noting, "concerns about [two pending, similar actions] are not present when it is the court itself that orders the claimant to pursue his judicial remedies in two separate forums."). This reservation may not be implied, *see Yapp v. Excel Corp.*, 186 F.3d 1222, 1229 (10th Cir. 1999), nor does it arise from a court's denial of leave to amend, RESTATEMENT (SECOND) OF JUDGMENTS § 26(1)(b) cmt. b; generally, a dismissal without prejudice or words to that effect suffice, *see, e.g.*, *Berry v. Stevinson Chevrolet*, 755 F. Supp. 344, 345 (D. Colo. 1991) (holding that claim preclusion would not bar the plaintiff's subsequent state law suit under § 26(1)(b), because the federal court dismissed the plaintiff's pendent state law claims without prejudice).

## II. Application of Claim Preclusion to the Instant Action

The Individual Defendants move to dismiss Plaintiff's FAC based on claim preclusion, arguing that the requisite elements exist [#39 at 4; #45 at 1]: this court entered final judgment in the Original Action [#39 at 6], this action and the Original Action concern the same subject matter, i.e., the June 2014 sewage back-up [*id.* at 6–7], this action and the Original Action share the same claims for relief in that the injury for which Plaintiff seeks relief is the same [*id.* at 7–8; #45 at 2–5], and this action and the Original Action include the same Parties or those in privity

6

with the Parties [#39 at 8–9]. In response, Plaintiff disputes only whether this action and the Original Action share an identity of claims for relief. According to Plaintiff, the claims in the two actions are both procedurally and substantively distinct such that claim preclusion does not apply. [#43 at 6–8]. For the following reasons, the court respectfully concludes that claim preclusion is inapplicable to the instant action.

As explained, Plaintiff initiated the Original Action on May 4, 2015, seeking relief from AMCA for the damage to its condominium caused by the June 2014 sewage back-up. Original Action [ECF No. 1]. Following several extensions of time to complete discovery, the Parties submitted cross-motions for summary judgment in the Original Action. *See* Original Action [ECF Nos. 30; 60]. Soon thereafter, Belize Trust initiated the instant action against the Individual Defendants on August 17, 2016. [#1]. Then, on February 15, 2017, the undersigned denied without prejudice the cross-motions for summary judgment and consolidated the Original Action with the instant action. *See* Original Action [ECF No. 68]. By this same Memorandum Opinion and Order, the court ordered Plaintiff to show cause why its case should not be dismissed for failure to state a cognizable claim against AMCA for the damage caused by the sewage back-up. *See* Original Action [*id.* at 12–13].

In response to the Order to Show Cause, Plaintiff submitted additional legal authority for its proposition that it could assert a strict liability claim against AMCA and the Individual Defendants for the sewage back-up. *See* Original Action [ECF No. 76]. Plaintiff then filed a Motion to Amend its Complaint in the Original Action to consolidate its Complaints in the two actions, *see* Original Action [ECF No. 79], and the Individual Defendants filed a motion for summary judgment as to the claims against them on claim-splitting grounds, *see* Original Action [ECF No. 80].

On June 23, 2017, the undersigned granted summary judgment in favor of AMCA and held that Plaintiff could not also maintain a strict liability claim against the Individual Defendants. Original Action [ECF No. 85 at 9–11, 13]. The undersigned also denied Plaintiff leave to amend, concluding that Belize Trust failed to demonstrate good cause under Rule 16(b)(4) to amend the Scheduling Order's deadline for amendment of pleadings. Original Action [*id.* at 12–13]. The undersigned also denied without prejudice the Individual Defendants' Motion for Partial Summary Judgment. Original Action [*id.* at 14].

Finally, and most importantly, the court severed the instant action from the Original Action. In doing so, the court noted its holdings as to strict liability did "not address the claims as asserted against the Individual Defendants," i.e., breach of fiduciary duty. Original Action [*id.* at 13]. The court also explained that this claim was not merged with the Original Action, nor was it considered as to the Motion to Amend. Original Action [*id.* at 13–14]. The court concluded, "the most appropriate course of action is to sever the Individual Defendants from this action and re-open Civil Action No. 16-cv-2078 so that any claims, and motions related to those claims, *proceed therein*." Original Action [*id.* at 14 (emphasis added)]. The court also instructed the Parties to engage in a robust meet and confer regarding any proposed amendments to the operative pleading in the instant action as well as to which claims were going to proceed in the instant action, and set a date certain for the Individual Defendants to answer the Complaint in the instant action. Original Action [*id.*].

Plaintiff relies on this language in arguing that claim preclusion is inapplicable because the claims asserted in the Original Action and the instant action are distinct. Specifically, Plaintiff avers that its claim against the Individual Defendants was never incorporated in the Original Action and was therefore never dismissed by the court. [#43 at 4–5]. Belize Trust

8

contends, "the claims are not identical because this Court would not allow our proposed amendment into the litigation." [*Id.* at 6]. While the court respectfully disagrees with Belize Trust that the denial of leave to amend to insert claims against the Individual Defendants in the Original Action is enough to render the claims in the instant action distinct for claim preclusion purposes, *see* RESTATEMENT (SECOND) OF JUDGMENTS § 26(1)(b) cmt. b (emphasizing, "the mere refusal of the court in the first action to allow an amendment of the complaint . . . is not a reservation by the court within the meaning of Clause (b)."), the court does agree that the language highlighted by Plaintiff is significant to its claim preclusion analysis.

As mentioned, there exists an exception to the general prohibition against maintaining multiple, similar suits in the same court. Relevant here, the court concludes that its language severing the instant action from the Original Action constitutes an express reservation of Plaintiff's right to maintain the instant action. *See Chevron Corp. v. Donziger*, 886 F. Supp. 2d 235, 292 (S.D.N.Y. 2012) (holding that claim preclusion did not bar the plaintiff's suit based on the appellate court's preservation of "Chevron's rights to continue the actions that have been filed in the United States." (internal brackets and ellipses omitted)). Indeed, it was this court's intention to allow the two actions to proceed independently, consolidation notwithstanding, and reiterated that intent in its June 23 Memorandum Opinion and Order, *see* Original Action [ECF No. 85 at 14]. *Cf. Kaluom v. Stolt Offshore, Inc.*, 474 F. Supp. 2d 866, 881 (S.D. Tex. 2007) (holding claim preclusion did not apply, because the "Court was aware that there were two separate cases, and it chose to address them separately. Thus, the doctrine of *res judicata* does not apply."). Accordingly, the court concludes that claim preclusion does not bar the instant action, and the Individual Defendants' Motion to Dismiss is **DENIED**.

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that:

(1)  The Individual Defendant's Motion to Dismiss [#39] is **DENIED**;

(2)  Given the number of amendments proposed and allowed in the Original Action and this action, the Parties should use the date of **December 12, 2017** as their deadline for the joinder of parties and amendment of pleadings for the purposes of a proposed Scheduling Order in this action; and

(3)  A Telephonic Scheduling Conference is set in this matter for **January 10, 2018 at 11:30 a.m.** A proposed Scheduling Order is due not later than January 3, 2018. A separate Order will issue.

DATED:  December 11, 2017                         BY THE COURT:

                                                  s/ Nina Y. Wang
                                                  Nina Y. Wang
                                                  United States Magistrate Judge