UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02078-NYW

J. LEE BROWNING BELIZE TRUST,

    Plaintiff,

v.

BRUCE LYNTON,
STEVE DAUBENMIER, and
DONALD MILLER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Nina Y. Wang

This matter is before the court on Defendants Bruce Lynton, Steve Daubenmier, and Donald Miller's (collectively, "Defendants") Motion for Summary Judgment (or "Motion"), filed September 4, 2018. [#56].[1] This civil action was referred to the undersigned Magistrate Judge to fully preside over for all purposes. *See* [#29; #30]; 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; D.C.COLO.LCivR 72.2. The court concludes that oral argument will not materially assist in the resolution of this Motion. Accordingly, upon review of the Motion and associated briefing, the entire case file, and applicable case law, the court **GRANTS** the Motion for Summary Judgment.

## MATERIAL FACTS

The court draws the following material facts from the record before it; these material facts are undisputed for purposes of the instant Motion.

---

[1] The court uses the convention [#__] to refer to documents filed on the court's Electronic Court Filing ("ECF") System in this action. For filings made in other cases involving these Parties, the court uses the convention [ECF No. __].

1.     In June 2014, Plaintiff J. Lee Browning Belize Trust ("Plaintiff" or "Belize Trust") owned a condominium unit (the "Unit") with the legal description of: Condominium Unit 1-A, Aspen Inn Apartments, Now known as Aspen Mountain Condominiums according to the Map thereof recorded November 30, 1972 in Plat Book 4 at Page 332 as Reception No. 155597 and as further defined and described in Condominium Declaration for Aspen Inn Apartments recorded November 30, 1972 in Book 269 at Page 312 as Reception No. 155596. *See* [#38 at ¶ 15, #56-2; #61; #70 at ¶ 1].

2.     At all times relevant hereto, Bruce Lynton, Steve Daubenmier, and Donald Miller have served as members of the Board of Directors of the Aspen Mountain Condominium Association ("AMCA"). *See* [#38 at ¶ 5; #48 at ¶ 5; #70 at ¶ 3].

3.     The AMCA is the homeowner's association for the Aspen Mountain Condominiums. *See* [#38 at ¶ 4; #48 at ¶ 4; #70 at ¶ 4].

4.     At all times relevant hereto, Aspen Resort Accommodations has served as the property management company for the AMCA. *See* [#70 at ¶ 5].

5.     On or about June 6, 2014, a plumbing system back-up occurred at the Unit, causing damage to the Unit that Plaintiff remediated; this was the fourth alleged back-up. *See* [#38 at ¶¶ 3, 16; #48 at ¶¶ 3, 16; #70 at ¶ 2; #71-3 at 9-10, 12, 15].

6.     Sometime following the June 2014 sewage back-up, Plaintiff intended to list the Unit for sale, *see* [#38 at ¶ 19], and then listed the Unit for $1,425,000, *see* [#61].

7.     On May 4, 2015, Plaintiff initiated a civil action in the United States District Court for the District of Colorado against AMCA, seeking damages from AMCA for the sewage back-ups under a strict liability theory. *See J. Lee Browning Belize Trust v. Aspen Mountain Condominium Association, Inc.*, Civil Action No. 15-cv-00945-NYW [ECF No. 1]. On June 23,

2017, the undersigned granted summary judgment in favor of AMCA because Plaintiff failed to identify and prove a cognizable claim against AMCA, *see id.* at [ECF No. 85]; judgment entered in favor AMCA and against Plaintiff on June 27, 2017, *see id.* at [ECF No. 86]. No appeal was taken.

8.   On August 17, 2016, Plaintiff initiated the instant action against Defendants, asserting that Defendants, as officers of the AMCA, breached their fiduciary duties owed to Plaintiff by "deliberately fail[ing] and refus[ing] to make a definitive repair" to the sewage disposal and drain line(s) that are the alleged cause of the sewage back-ups and for tortuously interfering with Plaintiff's contracted-for services of Roto-Rooter Plumbing & Drain Service to remediate the sewage back-up—all for Defendants' individual economic self-interests. *See* [#38 at ¶¶ 6-7, 11-14, 23-24, 31-42, 51-53].[2] Though styled as claims, Belize Trust seeks injunctive relief in the form of requiring AMCA to repair the sewage disposal and drain line(s); compensatory damages for the costs of repairing the sewage disposal and drain line(s), the costs for "temporary lodging, temporary repairs[,] and other expenses caused by the June 2014 blockage and backup," and for loss of fair market value of the Unit in an amount no less than $500,000; and exemplary damages. *See* [*id.* at ¶¶ 47-55].

9.   In or around June 2018, Plaintiff sold the Unit to a third party for $1,250,000. *See* [#56-2].

---

[2] The court initially consolidated the instant action with *J. Lee Browning Belize Trust v. Aspen Mountain Condominium Association, Inc.*, Civil Action No. 15-cv-00945-NYW [ECF No. 67], but later severed the two actions upon entering summary judgment in favor of AMCA, *see id.* at [ECF No. 85].

**LEGAL STANDARD**

Pursuant to Rule 56, the court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way. A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (internal citations and quotation marks omitted). It is the movant's burden to demonstrate that no genuine dispute of material fact exists for trial, whereas the nonmovant must set forth specific facts establishing a genuine issue for trial. *See Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010). And though the court will "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant[,]" *Zia Shadows, L.L.C. v. City of Las Cruces*, 829 F.3d 1232, 1236 (10th Cir. 2016), the nonmovant must point to competent summary judgment evidence, *see Bones v. Honeywell Int'l, Inc.,* 366 F.3d 869, 875 (10th Cir. 2004), and may not rely on "mere reargument of his case or a denial of an opponent's allegation[,]" *see* 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed. 1998).

**ANALYSIS**

Belize Trust asserts one claim against Defendants for breaching their fiduciary duties allegedly owed to Plaintiff. *See* [#38 at 13-14]. To succeed on a breach of fiduciary duty claim Plaintiff must establish that (1) Defendants acted as fiduciaries of Belize Trust; (2) Defendants breached a fiduciary duty owed to Belize Trust; (3) Belize Trust incurred damages; and (4) Defendants' breach caused Belize Trust's damages. *See Sewell v. Great Northern Ins. Co.*,

535 F.3d 1166, 1172 (10th Cir. 2008) (citing *Graphic Directions, Inc. v. Bush*, 862 P.2d 1020, 1022 (Colo. App. 1993)).[3]

In moving for summary judgment, Defendants argue that Plaintiff cannot establish that it incurred damages given its sale of the Unit in June 2018. *See* [#56 at 4-6; #71 at 3-5]. Additionally, Defendants contend that because Plaintiff has not designated any expert to opine that the sewage disposal and drain line(s) needed repair, Plaintiff fails to establish that Defendants breached any duty owed to Plaintiff to repair the sewage disposal and drain line(s). *See* [#56 at 6-8; #71 at 5-6]. For the following reasons, the court concludes that Plaintiff fails to establish that it incurred damages; thus, I focus solely on Defendants first argument.

"The breach of fiduciary duty cause of action is a tort to remedy economic harm suffered by one party due to a breach of duties owed in a fiduciary relationship." *Accident & Injury Med. Specialists, P.C. v. Mintz*, 279 P.3d 658, 663 (Colo. 2012). When the economic harm suffered is damage to real property, Colorado courts ordinarily apply the diminution in value rule to measure such damages. *See Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1280 (10th Cir. 2005) (citing *Bd. of Cty. Comm'rs of Weld Cty. v. Slovek ("Slovek")*, 723 P.2d 1309, 1314 (Colo. 1986)). The diminution value consists of the market value of the real property before and after the alleged injury, *see Goodyear Tire & Rubber Co. v. Holmes*, 193 P.3d 821, 827 (Colo. 2008), and is generally the best measure of damages to reimburse the plaintiff for the actual loss suffered, *see Zwick v. Simpson*, 572 P.2d 133, 134 (Colo. 1977). But in certain instances, diminution in value may not adequately compensate the plaintiff, and thus the court has discretion to award damages in the amount of repair or restoration costs, depending on whether the plaintiff "uses the property

---

[3] Because Belize Trust brings this action pursuant to 28 U.S.C. § 1332 based on diversity, the court applies Colorado substantive law, including its choice-of-law principles, to the claim at issue. *See Pepsi-Cola Bottling Co. of Pittsburg v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

5

as a personal residence," whether the plaintiff "has some personal reason for having the property in its original condition," and "whether the injury is reparable and at what cost." *Slovek*, 723 P.2d at 1315; *see also Zwick*, 572 P.2d at 38 ("[R]epair or restoration cost may be a more appropriate measure such as (1) where the property has no market value," or "(2) where repairs have already been made," or "(3) where the property is a recently acquired private residence and the plaintiff's interest is in having the property restored").

Concerning Plaintiff's alleged damages, Defendants first argue that because Plaintiff sold the Unit in June 2018, it can only recover the diminution in market value of the Unit and not additional damages for repair or restoration costs. *See* [#56 at 5]. Belize Trust does not address this issue, and instead appears to concede that the diminution of market value of the Unit is the proper measure of its damages. *See* [#66 at 2]. Nonetheless, I independently conclude that diminution in market value is the appropriate measure of damages. This is because Plaintiff sold the Unit prior to trial, signifying that Belize Trust no longer has a use for the Unit or an interest in having it defect-free (i.e., having the sewage disposal and drain line(s) repaired, which to the court's knowledge never occurred), and there is no representation that the diminution in market value will not compensate Plaintiff for the loss actually suffered, including the costs for temporary lodging, temporary repairs, and other expenses caused by the June 2014 blockage and back-up. *See Hubbell v. Carney Bros. Const.*, No. 05-CV-00026-CMA-KLM, 2010 WL 5147567, at *5-6 (D. Colo. Dec. 13, 2010) (holding that the appropriate measure of damages was the diminution in market value where the plaintiffs sold the injured property during litigation and could potentially gain a windfall if awarded repair and restoration costs for repairs not done prior to the sale of the property). Further, Plaintiff's sale of the Unit moots its request for injunctive relief. *See Alley v. Aurora Loan Servs. LLC*, No. 10-CV-02163-REB-CBS, 2011 WL 3799035, at *15 (D. Colo. July

6

21, 2011) ("Ms. Alley's request for injunctive relief is now moot, as the subject property has been sold.").

Next, Defendants assert that Plaintiff cannot establish any diminution in market value of the Unit because it sold the Unit for $1,250,000—an amount in excess of the $1.1 million market value alleged by Plaintiff. *See* [#56 at 5-6]. According to Defendants, the absence of diminution in market value warrants summary judgment in their favor. *See* [*id.* at 6]. Belize Trust counters that the diminution in market value equals $175,000—the difference between the $1,425,000 listing price and the $1,250,000 sale price. *See* [#66 at 2]. But as Defendants correctly argue, Plaintiff offers no evidence establishing that $1,425,000 was the fair market value of the Unit or that the inability to obtain the fair market value was attributable to Defendants' actions; rather, the assertion relies on "speculation as to what the listing broker might testify to at trial." *See* [#71 at 4]. This is insufficient to create a genuine dispute of material fact as to Belize Trust's damages.

Once the movant demonstrates an absence of evidence supporting an essential element of the nonmovant's claim, the burden shifts to the nonmovant to show that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To satisfy this burden, the nonmovant must point to specific facts in an affidavit, deposition, answers to interrogatories, admissions, or other similar admissible evidence demonstrating the need for a trial. *See Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995). "[A] mere 'scintilla' of evidence will be insufficient to defeat a properly supported motion for summary judgment; instead, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" *Fazio v. City & County of San Francisco*, 125 F.3d 1328, 1331 (9th Cir. 1997) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 249, 252 (1986)). Conclusory statements or those based on speculation, conjecture, or surmise provide no probative value on summary

7

judgment. *See Nichols v. Hurley*, 921 F.2d 1101, 1113 (10th Cir. 1990); *accord Sartori v. Susan C. Little & Assocs., P.A.*, 571 F. App'x 677, 680 (10th Cir. 2014) (explaining that "conclusory, self-serving, and generalized denials . . . are insufficient at the summary judgment stage.").

The record before the court reveals that Belize Trust alleges that based on recent, comparable sales the Unit's reasonable fair market value "would be well in excess of $1.1 million," but that Plaintiff could sell the Unit for only 40-60% of its reasonable fair market value given Defendants' conduct. *See* [#38 at ¶¶ 43-46]. Similarly, Plaintiff estimated in the Scheduling Order that the Unit's diminution in market value was $500,000, *see* [#53 at 4], and stated in its initial disclosures that the Unit "would command a sales price of over $1 million," entitling it to "an order of $1 million-plus" in damages, *see* [#56-1 at 10]. But Plaintiff offers no admissible evidence to support any of these statements, and Plaintiff sold the Unit in June 2018 for $1,250,000—a figure in accord with Plaintiff's claimed damages at the outset of litigation.

Moreover, even if the sale of the Unit at $1,250,000 was below its fair market value, Plaintiff has put forth no competent summary judgment evidence as to the Unit's fair market value, including that the fair market value aligns with the listing price of $1,425,000. In the face of Defendants' Motion for Summary Judgment, Plaintiff failed to tender an affidavit or declaration from the listing broker, Pat Marquis, to support the claim for any diminution of value. Indeed, Plaintiff's argument itself is inconclusive as to what the listing broker's actual testimony might be. [#66 at 2 ("The Trust was damaged to the extent of at least $1,725,000.00 (and perhaps more, depending on whether testimony from the listing broker, Pat Marquis, would support a claim that the listing price should have been higher, but was not made higher in order to try to bring some sort of closure to this long-running dispute.")]. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (explicating that when the movant makes a prima facie demonstration as

to a lack of evidence supporting an essential element of the nonmovant's claim, it is the nonmovant's burden "to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence" to create a genuine issue of material fact).

Although Colorado law does not require a plaintiff to establish its damages to a mathematical certainty, a plaintiff must still establish the factual existence of damages. *See Johnson v. Miller*, 596 F. Supp. 768, 773 (D. Colo. 1984) (applying Colorado law); *accord Pomeranz v. McDonald's Corp.*, 843 P.2d 1378, 1381 (Colo. 1993) ("[D]amages are not recoverable for losses beyond an amount that a plaintiff can establish with *reasonable certainty* by a preponderance of evidence." (emphasis in original)). And while the amount of damages a plaintiff is entitled to recover is typically a question of fact for the jury, *see Loughridge*, 431 F.3d at 1281 (applying Colorado law), the court may still grant summary judgment in favor of the defendant if the plaintiff fails to establish an entitlement to recovery or a fair approximation of its damages, *see, e.g.*, *Chimney Rock Pub. Power Dist. v. Tri-State Generation & Transmission Ass'n, Inc.*, No. 10-CV-02349-WJM-KMT, 2014 WL 811566, at *5 (D. Colo. Mar. 3, 2014) (granting summary judgment in favor of third-party defendants on the defendant's breach of fiduciary duty claim because the defendant had "no viable theory of damages"); *Terrones v. Tapia*, 967 P.2d 216, 218 (Colo. App. 1998) (granting summary judgment in favor of the defendant where the plaintiff "establishes no reasonable basis . . . for computing a fair approximation of damages."). Because damages are an essential element of Plaintiff's breach of fiduciary duty claim and because Belize Trust offers no competent summary judgment evidence establishing the factual existence of its damages, summary judgment in favor of Defendants is warranted. In so finding, this court need not reach Defendants' second basis for summary judgment, i.e., the failure to provide any expert witness to provide testimony establishing liability.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1) Defendants' Motion for Summary Judgment [#56] is **GRANTED**, and summary judgment shall enter in favor of Defendants and against Plaintiff on Plaintiff's sole claim for breach of fiduciary duties;

(2) Final Judgment shall enter in favor of Defendants and against Plaintiff, and Plaintiff's Amended Complaint [#38] shall be **DISMISSED with prejudice**;

(3) Defendants, as the prevailing party, shall be awarded their costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and D.C.COLO.LCivR 54.1; and

(4) The Clerk of the Court shall **TERMINATE** this matter accordingly.

DATED: January 11, 2019

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge